IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| JANET MCNAIR, | § | |
| --- | --- | --- |
| | § | |
| Petitioner, | § | |
| vs. | § | CIVIL ACTION H-05-3021 |
| | § | |
| JOYCE FRANCIS, | § | |
| WARDEN OF FEDERAL | § | |
| PRISON CAMP AT BRYAN, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

Janet McNair, a federal prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the refusal of the United States Bureau of Prisons ("BOP") to allow her to serve the last six months of her sentence in a community corrections center ("CCC"), or halfway house. The threshold issue is whether her petition states a violation of a federally-protected right.

**I.    Background**

McNair was convicted in the United States District Court for the Eastern District of New York of conspiracy to distribute a controlled substance and filing a false income tax return. She was sentenced on May 12, 2005 to an eighteen-month prison term. McNair is serving her sentence at the Federal Prison Camp at Bryan, Texas.

Before December 2002, the BOP regularly placed inmates in a CCC to serve the last six months of their prison sentences. This policy changed in December 2002, when the

Department of Justice concluded that federal statutes governing sentencing only permitted the BOP to place inmates in a CCC for the last ten percent of their prison terms, up to six months. In August 2004, in response to court rulings that the statutes did not so restrict the BOP's discretion, the BOP proposed to change the Federal Regulations to "exercise . . . discretion categorically to limit inmates' community confinement to the last ten percent of the prison sentence being served, not to exceed six months." Community Confinement, 69 Fed. Reg. 51,213 (August 18, 2004). The BOP published this potential rule in the Federal Register in August 2004 and invited comments. *Id.* The BOP adopted the rule in January 2005, after the comment period expired. Bureau of Prisons Community Confinement Rule, 28 C.F.R. § 570.21 (2005); Community Confinement, 70 Fed. Reg. 1,659 (Jan. 10, 2005). The BOP has categorically decided to limit an inmate's time in a CCC to the final ten percent of the inmate's sentence, for a period not to exceed six months, except when specific statutorily-authorized BOP programs allow for longer periods. 28 C.F.R. § 570.21.

McNair complains that the BOP's January 2005 policy violates her rights to due process and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and violates the *Ex Post Facto* Clause. McNair concedes that she has not attempted to exhaust available administrative remedies by presenting her claims to the BOP.

## II. The Standard of Review

A district court may examine habeas petitions before an answer or other responsive pleading is filed. *Kiser v. Johnson,* 163 F.3d 326, 328 (5th Cir. 1999). Such a review is

based on "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." 28 U.S.C. § 2254, Rule 4, Advisory Committee Notes.

McNair does not challenge her underlying conviction or the sentence she received. She seeks relief under 28 U.S.C. § 2241, challenging the manner in which her sentence is executed. *See Reyes-Requena v. United States*, 243 F.3d 893, 900-01 (5th Cir. 2001). A section 2241 petition that attacks the manner in which a sentence is carried out or a determination affecting the length of its duration "must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). McNair is in custody at the Federal Prison Camp in Bryan, Texas, within this court's jurisdiction.

A *pro se* pleading is held to less stringent standards than pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, a federal district court may dismiss a habeas corpus petition if it appears from its face that the petitioner is not entitled to relief. *See Lonchar v. Thomas*, 517 U.S. 314, 320 (1996) (discussing summary dismissal under Rule 4 of the Rules Governing Section 2254 Cases); *see also* 28 U.S.C. § 2243.

### III. The Issue of Exhaustion

A federal inmate seeking relief under 28 U.S.C. § 2241 must first exhaust her administrative remedies through the BOP before seeking habeas relief in federal court.

*Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Exceptions to the exhaustion requirement apply only when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Id.* (citation omitted). The petitioner bears the burden of demonstrating futility. *Id.*

The BOP provides inmates a three-tiered administrative remedies process for complaints related to any aspect of confinement. 28 C.F.R. §§ 542.10-542.15. McNair argues that exhaustion through the administrative remedies process would be futile because the BOP has implemented the 2005 policy as a final rule. (Petition, p. 2). McNair has met her burden of showing futility. The rule is a categorical decision as to when an inmate may serve the last portion of her sentence in a CCC. Any attempt to go through the administrative process to seek an individual exception would be futile. McNair's failure to exhaust her administrative remedies is excused.

### IV. Analysis

The policy in dispute arises from a shift in the BOP's interpretation of its statutory authority to designate or assign inmates to CCC facilities under 18 U.S.C. §§ 3621 and 3624. Section 3621(b) provides:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted,

> that the Bureau determines to be appropriate and suitable, considering–
>
> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence–
>    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>    (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
> In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.

18 U.S.C. § 3621(b).

Under 18 U.S.C. § 3624 the BOP may designate a facility for confinement for the last part of a prison sentence, "to ease the . . . prisoner's reentry into the community."

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

18 U.S.C. § 3624(c).

Until December 2002, the BOP apparently construed 18 U.S.C. § 3624(c) to allow inmates to be evaluated for placement in a CCC for the last six months of their prison terms, regardless of the sentence length. In December 2002, the Department of Justice Office of Legal Counsel ("OLC") issued a formal memorandum opinion about the BOP's practice of placing certain inmates in a CCC. After reviewing the relevant Sentencing Guidelines, case law, and statutory authority, the OLC memorandum concluded that the BOP's practice of placing inmates who received relatively short sentences directly in a CCC to serve their prison sentences, or transferring them to a CCC for the last six months of their sentences regardless of how much time they had served, was "unlawful." The memo concluded that confinement in a CCC was not "imprisonment" within the meaning of 18 U.S.C. § 3621(b). *See Goldings v. Winn*, 383 F.3d 17, 19-20 (1st Cir. 2004) (discussing the contents of the December 2002 OLC Memorandum). The OLC memorandum concluded that 18 U.S.C. § 3624(c), which gave the BOP authority to send a prisoner to a CCC for a "reasonable part" of her sentence, sets an upper limit on the amount of time a prisoner can serve in a CCC: ten percent of the sentence and no more than six months. *See id.* The BOP complied with the OLC memorandum by revising its policy of sending prisoners to a CCC for the final six months of their sentence. Under the new policy, the BOP began to send prisoners to a CCC for no more than ten percent of their sentence; up to six months. Under the ten percent limitation, an inmate must have received a prison sentence of five years or longer to be eligible for the statute's maximum six-month period of community confinement. *See Loeffler*

*v. Menifee*, 326 F. Supp. 2d 454, 462 (S.D.N.Y. 2004). The ten percent limitation affects only those prisoners serving a sentence of five years or less.

McNair was sentenced after the BOP changed its policy in December 2002 and after the February 2005 final rule. McNair argues that she is entitled to serve six months at a CCC, which exceeds the ten percent the current rule allows.

Addressing similar arguments, two circuit courts of appeal struck down the December 2002 policy because its interpretation of the section 3624(c) limit on CCC placement failed to consider that section 3621(b) gave the BOP discretion to transfer prisoners, if appropriate, at any time. *See Goldings v. Winn*, 383 F.3d 17, 23-24 (1st Cir. 2004); *Elwood v. Jeter*, 386 F.3d 842, 846-47 (8th Cir. 2004). In response, the BOP proposed and adopted the new rule on CCC placement that went into effect on February 14, 2005. *See Community Confinement*, 70 Fed. Reg. 1659 (Jan. 10, 2005) (codified at 28 C.F.R. § 570.21); *see also Yip v. Federal Bureau of Prisons*, 363 F. Supp. 2d 548, 550 (E.D.N.Y. 2005) (setting forth the policy in full). The February 2005 policy states that the BOP categorically exercised its discretion to limit CCC placement to the last ten percent of a prison sentence, not to exceed six months, and that such an exercise of discretion is consistent with 18 U.S.C. § 3621(b). *See* 70 Fed. Reg. at 1661.

As McNair concedes, the February 2005 policy has superseded the December 2002 policy. The BOP denied McNair's transfer request under the February 2005 policy. McNair's challenge to the December 2002 policy is moot.

McNair challenges the revised February 2005 policy as an unreasonable interpretation of 18 U.S.C. § 3621(b). Under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), a reviewing court must first look to the language of the statute itself to determine "whether Congress has directly spoken to the precise question at issue," *i.e.*, is the statutory language clear and unambiguous, and if so, "that is the end of the matter." *Chevron*, 467 U.S. at 842-43. When, as here, "the statute is silent or ambiguous with respect to the specific issue," the question for the court is "whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843. Agency rules issued within the scope of authority granted by Congress are entitled to deference and must be upheld unless procedurally defective, arbitrary or capricious in substance, or manifestly contrary to the statute. *See United States v. Mead Corp.*, 533 U.S. 218, 227 (2001) (citing *Chevron*, 467 U.S. at 844). Rules entitled to such deference typically are subject to a notice and comment period under the Administrative Procedures Act (the "APA"). *See Mead*, 533 U.S. at 230-31. The regulations promulgated under the February 2005 policy, which was published in the Federal Register in compliance with the APA, are entitled to deference.

The district courts are divided on the halfway-house transfer issue. Most of the district courts to consider challenges similar to the one raised by McNair have upheld the February 2005 policy. *See Yip v. Federal Bureau of Prisons*, 363 F. Supp. 2d 548, 551-52 (E.D.N.Y. 2005); *Moss v. Apker*, 376 F. Supp. 2d 416 (S.D.N.Y. 2005); *Wiesel v. Menifee*, No. 04 Civ. 9681, 2005 WL 1036297 (S.D.N.Y. May 2, 2005); *Levine v. Apker*, 05 Civ.

3472, 2005 WL 1417134 (S.D.N.Y. May 20, 2005); *Levine v. Menifee*, 05 Civ. 1902, 2005 WL 1384021 (S.D.N.Y. June 9, 2005); *Troy v. Apker*, 05 Civ. 1306, 2005 WL 1661101 (S.D.N.Y. June 30, 2005); *DeFrancesco v. Federal Bureau of Prisons*, No. Civ. A. 05-1780, 2005 WL 1712020 (D.N.J. July 20, 2005); *Gentzler v. United States*, 05 Civ. 4521, 2005 WL 1773684 (S.D.N.Y. July 27, 2005); *Bialostok v. Apker*, No. 05 Civ. 2698, 2005 WL 1946480 (S.D.N.Y. Aug. 12, 2005); *Hurley v. Sherrod*, Civ. A. No. 05cv01777, 2005 WL 2141490 (D. Colo. Sept. 1, 2005); *Lee v. United States*, No. 04-0610-CG-C, 2005 WL 2179796 (S.D. Ala. Sept. 6, 2005); *Charboneau v. Menifee*, No. 05 Civ. 2698, 2005 WL 2385862 (S.D.N.Y. Sept. 28, 2005); *Wheaten v. Francis*, Civ. No. H:05-2536 (S.D. Tex. Oct. 5, 2005). A few district courts have disagreed. *See Fason v. Sanders,* 205 CV 00171HDY, 2005 WL 2897041 (E.D. Ark. November 3, 2005); *United States v. Paige,* 369 F. Supp. 2d 1257 (D. Mont. 2005); *Pimentel v. Gonzales*, 367 F. Supp. 2d 365 (E.D.N.Y. 2005); *Drew v. Menifee*, No. 04 Civ. 9944, 2005 WL 525449 (S.D.N.Y. March 4, 2005).

Only one appellate court has spoken to the issue, and it rejected the categorical exercise of discretion effected by the February 2005 policy.

> The regulations do not allow the BOP to consider the nature and circumstances of an inmate's offense, his or her history and pertinent characteristics, or most importantly, any statement by the sentencing court concerning a placement recommendation and the purposes for the sentence. And yet, according to the text and history of § 3621, these factors must be taken into account. The regulations are invalid because the BOP may not categorically remove its ability to consider the explicit factors set forth by Congress in § 3621(b) for making placement and transfer determinations.

*See Woodall v. Federal BOP*, 432 F.3d 235, 245 (3d Cir. 2005). A vigorous dissent objected on the ground that the BOP must consider the section 3621(b) factors only when the BOP has "designated the place of the prisoner's imprisonment," but section 3621(b) says nothing about when the designation must be made. The dissent concluded that the statute could not be read to preclude a general time limit on inmate transfers to a CCC. *Id.* at 252.

Courts that have approved the February 2005 policy have done so under a straightforward application of the Supreme Court's decision in *Lopez v. Davis*, 531 U.S. 230 (2001). In *Lopez*, the court upheld the BOP's exercise of "categorical discretion" under 18 U.S.C. § 3621(e)(2)(B) to exclude certain inmates – those convicted of offenses involving firearms – from eligibility for early release after they successfully complete a drug-treatment program. *See, e.g., Yip*, 363 F. Supp. 2d at 552 ("There is no significant distinction between the situation in *Lopez* and the case at hand."); *Moss*, 376 F. Supp. 2d at 423 ("The policy upheld by the Supreme Court in *Lopez* is indistinguishable in all material respects from the one at issue in this case."); *Wiesel*, 2005 WL 1036297, *6 ("The reasoning in *Lopez* is equally applicable to the present case.").

Like the regulation at issue in *Lopez*, the February 2005 policy represents a categorical exercise of the Bureau's statutory discretion. The BOP "has identified a category of prisoners – inmates who are not yet required to be considered for transfer to a CCC under Section 3624(c), but are eligible under Section 3621(b) – and created a rule denying transfers to all of them." *Yip*, 363 F. Supp. 2d at 552. Under *Lopez*, the regulation is valid because

it is a reasonable interpretation of § 3621(b) and Congress did not "clearly express[ ] an intent to withhold [the BOP's] authority" to regulate its discretion under § 3621(b) through adoption of a categorical rule. *Lopez*, 531 U.S. at 244. McNair's challenge to the February 2005 policy as arbitrary and capricious and a violation of the statute fails.

McNair also fails to allege a constitutional violation. A prisoner does not have a constitutional due-process right to incarceration in a particular place or at a particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976). McNair does not allege that she has been treated differently under the policy than other, similarly-situated prisoners, as necessary to state an equal protection claim. *See Johnson v. Rodriguez*, 110 F.3d 299, 306-07 (5th Cir.), *cert. denied*, 522 U.S. 995 (1997). McNair's *ex post facto* argument also lacks merit. Two elements must be present for an *ex post facto* violation: "(1) a law must be retrospective, that is, it must apply to events occurring before its enactment, and (2) the new law must create a sufficient risk of increasing the punishment attached to the defendant's crimes." *Warren v. Miles*, 230 F.3d 688, 692 (5th Cir. 2000) (citing *California Department of Corrections v. Morales*, 514 U.S. 499 (1995)). McNair has not alleged even a "speculative, attenuated risk" that the BOP's policy change affects her actual term of confinement. *Id.* The BOP's change in policy regarding CCC placement deprived McNair of the ability to take advantage of a discretionary CCC placement program. *See Wottlin v. Fleming*, 136 F.3d 1032, 1038 (5th Cir. 1998). It does not increase the length of her sentence and does not implicate the *Ex Post Facto* Clause.

## V. Conclusion

McNair is not entitled to federal habeas corpus relief under 28 U.S.C. § 2241. The petition for a writ of habeas corpus, (Docket Entry No. 1), is denied. McNair's motion to expedite, (Docket Entry No. 2), and for a temporary restraining order, (Docket Entry Nos. 5, 6), are denied; McNair cannot show a substantial likelihood of success on the merits. The motion for admissions, (Docket Entry No. 4), is denied as moot. Final judgment is entered by separate order.

SIGNED on March 15, 2006, at Houston, Texas.

Lee H. Rosenthal
United States District Judge